**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

BRYAN K. LUGO,

    Plaintiff,

      v.                                      CV 125-300

US BANK TRUST NATIONAL ASSOC.,

    Defendant.

---

**O R D E R**

---

Before the Court are Plaintiff's motion for Clerk's entry of default (Doc. 6) and Defendant's motion to remand (Doc. 11). For the following reasons, Plaintiff's motion is **DENIED,** and Defendant's motion to remand is **GRANTED.**

**I. BACKGROUND**

On June 11, 2025, Plaintiff appealed the Columbia County Magistrate Court's final judgment awarding Defendant a writ of possession of 500 Oconee Circle, Evans, Georgia 30809 (the "Property"). (Doc. 1-1, at 2-3.) On December 3, 2025, the Columbia County Superior Court issued a writ of possession granting Defendant possession of the Property. (Doc. 1-2, at 5.) On December 18, 2025, Plaintiff removed this case from the Superior Court, alleging 28 U.S.C. § 1443 as the basis for removal. (Doc. 1, at 1-2.) On January 5, 2026, Plaintiff filed a motion for

Clerk's entry of default. (Doc. 6.) On February 4, 2026, Defendant responded. (Doc. 13.) On January 22, 2026, Defendant filed a motion to remand. (Doc. 11.) On February 5, 2026, Plaintiff responded. (Doc. 16.)

## II. DISCUSSION

The Court turns to Defendant's motion to remand first and then analyzes Plaintiff's motion for Clerk's entry of default.

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). As such, a defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over all civil actions: (1) "arising under the Constitution, laws, or treaties of the United States"; and (2) "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331, 1332. Further, district courts have jurisdiction over actions "[a]gainst any person who is denied or cannot enforce in the courts of such

State a right under any law providing for the equal civil rights of citizens of the United States. . . ." 28 U.S.C. § 1443(1).

The principle is well established that the party seeking removal bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996); Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). The weight of this burden, however, depends upon the amount in controversy, if any, alleged in the state court complaint. Gen. Pump & Well, Inc. v. Matrix Drilling Prods. Co., No. CV 608-045, 2009 WL 812340, at *2 (S.D. Ga. Mar. 26, 2009). "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins., 31 F.3d 1092, 1095 (11th Cir. 1994).

As noted above, Plaintiff relies on 28 U.S.C. § 1443 to support removal. (Doc. 1, at 2.) Plaintiff states he "is being deprived of, and cannot enforce in the state courts, rights secured by federal law," specifically under 42 U.S.C. § 1983; 15 U.S.C. § 1635; and "[f]ederal supremacy and jurisdictional protections barring state enforcement once federal jurisdiction attaches." (Id.) Plaintiff further argues "[s]tate actors are enforcing the Writ after actual and constructive notice of jurisdictional

3

defects and pending federal proceedings, resulting in ongoing deprivation of federally protected rights that cannot be meaningfully vindicated." (Id.)

Defendant argues the Court lacks subject matter jurisdiction, and Plaintiff has not stated any legitimate basis for subject matter jurisdiction. (Doc. 11, at 4.) Defendant argues Plaintiff's allegations for removal are too vague and conclusory to provide a basis for removal under the "specific language of racial equality that section 1443 demands." (Id. at 6 (quoting Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009).) Defendant also argues "neither 15 U.S.C. § 1635 nor 42 U.S.C. § 1983 . . . deal with specific civil rights stated in terms of racial equality," and thus, are insufficient to support removal under 28 U.S.C. § 1443. (Id. at 6-7.) As such, Defendant argues Plaintiff has not stated any legitimate basis for the Court's jurisdiction, so this case must be remanded. (Id. at 7.)

Alternatively, Defendant argues the Rooker-Feldman Doctrine bars removal of this action because Plaintiff requests a district court to review a final judgment of a state court in judicial proceedings. (Id. at 7-8.) Defendant argues the Rooker-Feldman doctrine bars district courts from reviewing judgments in Georgia dispossessory actions and judgments in a removed action. (Id. at 8.) Defendant argues there is nothing to adjudicate in this case because the Columbia County Magistrate Court entered a judgment,

4

entered a judgment, and a writ of possession was issued before the case was removed. (Id. at 9.) Further, Defendant argues removal, even if proper, is untimely because Plaintiff did not file a notice of removal within the thirty-day requirement under 28 U.S.C. § 1446(b)(1) but waited more than six months to remove the case. (Id. at 9-10.)

Plaintiff argues removal was proper under 28 U.S.C. § 1446(d) because he filed a notice of removal in federal court and in Superior Court and served it on opposing counsel. (Doc. 16, at 2.) Plaintiff argues "[u]pon completion of these steps, state-court jurisdiction was automatically divested." (Id. (emphasis omitted).) Plaintiff claims that, under 15 U.S.C. § 1635, any underlying obligation is extinguished, and "state law cannot . . . enforce a security interest." (Id. at 2-3.) Plaintiff also argues "enforcement actions continued, including eviction, exclusion, and destruction of property," and remanding to state court would not "cure the deprivation already inflicted." (Id. at 4.)

To qualify for removal of a case under 28 U.S.C. § 1443(1), the defendant must satisfy a two-part test. First, the removing party must show that the right upon which she relies arises under a federal law "providing for specific civil rights stated in terms of racial equality." Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (citation omitted). Such laws "do[] not include rights of general application available to all persons or citizens." (Id.

5

(quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) (quotations omitted).)  Second, the removing party must show that he has been denied or cannot enforce that right in state courts. (Id.)

Here, Plaintiff fails to satisfy either part of the test.  As to the first part, Plaintiff's vague assertions under 42 U.S.C. § 1983 and 15 U.S.C. § 1635 are insufficient to support a valid claim of removal under 28 U.S.C. § 1443(1).  (Doc. 1, at 2); Hurt-Whitmire v. Georgia, 336 F. App'x 882, 884 (11th Cir. 2009).  After state courts issued a judgment and writ of possession for Defendant, Plaintiff alleges that his federal rights have been violated in state court.  (Doc. 1, at 2.)  Plaintiff has not shown that his case relies on any federal law providing for specific civil rights stated in terms of racial equality.  Conley, 245 F.3d at 1295.  Neither 15 U.S.C. § 1635 nor 42 U.S.C. § 1983 are laws based on racial equality and instead are broad constitutional guarantees of general application to all persons.  Rachel, 384 U.S. at 792.  First, 15 U.S.C. § 1635 outlines the right of recission, which is generally applicable to all consumers and does not apply to residential mortgage transactions.  See 15 U.S.C. §§ 1635(a), (e)(1).  Second, 42 U.S.C. § 1983 permits a civil action for a deprivation of constitutional rights and is insufficient to support removal under 28 U.S.C. § 1443.  Conley, 245 F.3d at 1295-96 ("to the extent [removing party] relies upon broad assertions under . . . § 1983, those rights are insufficient to support a

6

valid claim for removal under § 1443(1)"). Thus, Plaintiff's notice of removal does not allege any violations of rights based on racial equality and therefore fails the first prong. As such, Plaintiff cannot seek removal under 28 U.S.C. § 1443,[1] and the Court need not evaluate the second prong. The Court also refrains from addressing Defendant's other arguments contained in the motion to remand.

## B. Plaintiff's Motion for Clerk's Entry of Default

Because the Court finds Plaintiff's removal was improper, the Court is not authorized to hear this case. As such, Plaintiff's motion for Clerk's entry of default is **DENIED**.

## III. CONCLUSION

Accordingly, Defendant's motion to remand (Doc. 11) is **GRANTED**, and Plaintiff's motion for Clerk's entry of default (Doc. 6) is **DENIED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Columbia County, Georgia, case number 2025ECV0695. The Clerk is further directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

---

[1] Additionally, Plaintiff cannot remove under § 1443(2). <u>Taylor v. Phillips,</u> 442 F. App'x 441, 443 (11th Cir. 2011) (explaining that subsection (2) is only available to "federal officers or agents and those authorized to act with or for them").

**ORDER ENTERED** at Augusta, Georgia, this ⟨2nd⟩ day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA